In the Matter of the Estate of LAURA E. SHIPMAN, Deceased. WILLIAM L. SHIPMAN, as Executor of LAURA E. SHIPMAN, Deceased, Appellant; WILLIAM G. SHIPMAN, Respondent.— Decree affirmed, with costs to the respondent payable out of the estate. All concur. (The decree determines the owner of the proceeds of a sale of stock, and dismisses the proceeding.) Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ.

ARTHUR J. JONES, as Administrator of the Estate of JAMES A. JONES, Deceased, Appellant, v. EDWARD R. RIGNEY, JR., Respondent.— Judgment and order affirmed, without costs of this appeal to either party. All concur. (The judgment is for defendant for no cause of action in an automobile negligence action. The order denies a motion for a new trial.) Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ.. [See *post*, p. 941.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL CASTRONOVO, Appellant.— Judgment of conviction and orders affirmed. All concur. (The judgment convicts defendant of the crimes of criminally receiving and criminally concealing stolen property. The orders are intermediate orders.) Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ.

STEPHEN KORZENIEWSKI, Appellant, v. WELCH GRAPE JUICE CO., INC., et al., Respondents.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict is against the weight of the evidence. All concur. (The judgment is for defendants for no cause of action in an automobile negligence action. The order denies plaintiff's motion for a new trial.) Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ.

WHEELOCK, LOVEJOY & COMPANY, INC., Respondent, v. SPRIESCH TOOL & MANUFACTURING COMPANY, INC., Appellant.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: There were questions of fact, whether, assuming that the clause in question of the contract of the parties created the relation of landlord and tenant, there was not a surrender at the end of the sixty-day period, so that thereafter the defendant's occupancy of a small portion of the property was, at the most, on the basis of the reasonable value of such use. All concur. (The judgment is for plaintiff in an action to recover rental value of realty.) Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ.

B. FREDERIC DE VRIES, Appellant, v. ADELINE DE VRIES, Respondent.— Judgment and order modified on the law by striking out the provision for counsel fees and as so modified affirmed, without costs of this appeal to either party. All concur. (The judgment grants defendant a separation, with custody of an infant child, counsel fees and alimony. The order grants a motion to punish plaintiff for contempt of court for failure to comply with the terms of the decree.) Present — Taylor, P. J., Harris, McCurn and Larkin, JJ.

FRANCIS T. TEHAN, Appellant-Respondent, v. DOROTHY H. TEHAN, Respondent-Appellant.— Orders affirmed, without costs of this appeal to either party. All concur. (Appeal by plaintiff from two orders which (1) directed plaintiff to serve a bill of particulars, and (2) directed plaintiff to pay to defendant's attorneys $250 counsel fees; also appeal by defendant from order which settled the issues for trial by jury.) Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ.